**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

STEVEN K. JERKINS,

        Petitioner,

v.                                                                          Case No. 3:11-cv-1062-J-32JRK

SEC'Y, FLA. DEP'T
OF CORR., et al.,

        Respondents.

## ORDER

Petitioner initiated this action by filing a pro se Petition (Doc. 1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 25, 2011.[1] Petitioner challenges a June 26, 2006 state court (Columbia County) judgment of conviction for dealing in stolen property, for which he received a ten-year term of imprisonment. Petitioner raises the following three grounds: (1) Petitioner's plea, admitting that he violated the terms of his probation, was not knowing and voluntary; (2) the trial court failed to advise Petitioner of the maximum allowable sentence that could be imposed upon violation of his probation; and (3) the trial court failed to advise Petitioner that, as a direct consequence of his admitting that he violated the terms of his probation, he would receive a sentence that upwardly departed from the sentencing guidelines.

---

[1] Giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date he handed it to prison authorities for mailing to this Court (October 25, 2011). See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his pro se filings in state court when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

Respondents contend that the Petition must be dismissed as untimely. See Answer and Motion to Dismiss as Untimely (Doc. 14) (Response). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

On May 15, 2003, pursuant to a plea agreement, Petitioner pled guilty to a charge of dealing in stolen property, the trial court withheld adjudication of guilt, and the court placed

2

Petitioner on probation for five years. Ex.[2] 3 at 19-20, 23-26. Petitioner violated several conditions of his probation, and after admitting such violations, the trial court entered an Order of Revocation of Probation on June 26, 2006, adjudicated Petitioner guilty of dealing in stolen property and sentenced him to ten years of imprisonment. Id. at 29. Petitioner did not appeal. Ex. 2 at 3. Thus, Petitioner's judgment became final thirty days later on July 26, 2006. See Fla. R. App. P. 9.140(b)(3); Saavedra v. State, 59 So.3d 191, 192 (Fla. 3rd DCA 2011); Gust v. State, 535 So.2d 642, 643 (Fla. 1st DCA 1988) (holding that, when a defendant does not file a direct appeal, the conviction becomes final when the thirty-day period for filing a direct appeal expires). Therefore, Petitioner's one-year limitation period began to run on July 27, 2006, and expired one year later on July 27, 2007, unless he had any applications for post-conviction relief that would serve to toll the limitation period. See 28 U.S.C. § 2244(d)(1)(A), (d)(2); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (noting that "the limitations period expires on the anniversary of the date it began to run").

On May 11, 2007, Petitioner filed a motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850 (3.850 motion) in the circuit court. Ex. 3 at 1-6. In the 3.850 motion, he argued that trial counsel was ineffective for advising him to enter into the plea agreement in 2003 because the statute of limitations for the charge of dealing in stolen property had expired. Id. at 2-4. On January 16, 2008, the circuit court denied the motion as untimely. Id. at 9-11. Specifically, the court noted that Petitioner was "not challenging the effectiveness of counsel at the violation of probation proceedings which occurred on June

---

[2] The Court refers to each exhibit appended to the Response as "Ex."

26, 2006, but rather the effectiveness of counsel during the underlying plea, which was entered on May 15, 2003, and which became final on June 14, 2003, when no appeal was filed." Id. at 10 (citation omitted).  Accordingly, the court concluded that the motion was "untimely, having been received substantially more than two years after June 14, 2003, the date the original sentence and judgment became final." Id. (citing Doctor v. State, 679 So.2d 76 (Fla. 2nd DCA 1996) (per curiam) (finding that claims based upon an original plea that resulted in imposition of probation were untimely if not filed within two years after the original judgment was entered, and said claims did not rely upon a subsequent violation of probation)); see also Romahn v. State, 743 So.2d 104 (Fla. 5th DCA 1999) (finding that a 3.850 motion which attacks an original plea must be filed within two years of the date that plea became final, not after the defendant is sentenced upon a revocation of probation).

Accordingly, the one-year limitation period was not tolled during the pendency of his 3.850 motion because it was not a "properly filed application for State post-conviction" relief under § 2244(d)(2).  See Artuz v. Bennett, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" including "time limits upon its delivery"); Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).") (citation omitted); Stafford v. Thompson, 328 F.3d 1302, 1305 (11th Cir. 2003) (per curiam) (holding that a court is "bound by the state court's determination that [an action] was untimely").

Therefore, as noted above, the limitations period expired on July 27, 2007, unless Petitioner had any other applications for post-conviction relief that would serve to toll the

limitation period. Petitioner filed two other applications for post-conviction relief after July 27, 2007,[3] see Response at 3-5; however, even assuming arguendo that these applications were properly filed, they did not toll the federal one-year limitation period because it had already expired. See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must file the motion within one year after his conviction becomes final in order to toll the one-year limitation period); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Thus, this action was not timely filed.

Petitioner appears to concede that this action was not timely filed, but argues that the Court should reach the merits of the Petition due to the "manifest injustice exemption" since he received an upward departure sentence under the guidelines. See Petitioner's Reply to State's Response (Doc. 18) at 2. However, to invoke the fundamental miscarriage of justice exception to AEDPA's statute of limitations, a habeas petitioner must make a credible showing of actual innocence with new evidence that was not available at the time of his trial. See McQuiggin v. Perkins, 133 S.Ct. 1924, 1931-32 (2013). To do so, "a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the

---

[3] The record reflects that Petitioner was given an evidentiary hearing and a ruling on the merits in one of his later state post-conviction petitions. See Ex. 19; Ex. 20.

light of the new evidence.'" Id. at 1935 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). Petitioner has not made the requisite showing.

In sum, Petitioner has not shown an adequate reason why the dictates of the one-year limitation period should not be imposed upon him.  Accordingly, this case will be dismissed with prejudice as untimely.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.The Petition (Doc. 1) is **DISMISSED** with prejudice.

2.The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing this case with prejudice.

3.If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[4]  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

---

[4]If Petitioner appeals the dismissal of the Petition, the undersigned opines that a certificate of appealability is not warranted.  This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Here, after consideration of the record as a whole, this Court will deny a certificate of appealability.

4. The **Clerk** shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of February, 2015.

_____
TIMOTHY J. CORRIGAN
United States District Judge

ps 11/19
c:
Steven K. Jerkins
Counsel of Record